UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HOI L. WAN,

    Plaintiff,

-against-

UNITED STATES POSTAL SERVICE and
MEGAN J. BRENNAN, POSTMASTER
GENERAL OF THE UNITED STATES POSTAL
SERVICE

    Defendants.
----------------------------------X

**MEMORANDUM & ORDER**

17-CV-1560(KAM)(LB)

**MATSUMOTO, United States District Judge**:

    Presently before the court is the motion of Hoi L. Wan ("plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) to vacate the dismissal of this action and the judgment entered on October 5, 2017. (*See* Judgment, ECF No. 7; *see also* October 3, 2017 Docket Order; Notice of Motion, ECF No. 9). In support of the motion, plaintiff has submitted a memorandum of law ("Mem.," ECF No. 10). For the reasons that follow, plaintiff's motion is denied.

## **Background**

    Plaintiff commenced the instant action by filing a complaint (the "complaint," ECF No. 1), on March 20, 2017, alleging violations of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and New York State law. On March 22, 2017, the court issued a summons (the "summons," ECF No. 4), as to defendants United

States Postal Service and Megan J. Brennan, Postmaster General of the United States Postal Service ("defendants"), but plaintiff never served the summons and complaint.

On July 11, 2017, 113 days after plaintiff filed the complaint, Magistrate Judge Lois Bloom entered an order to show cause on the docket of this case noting that plaintiff had failed to file proof of service on the docket. (*See* July 11, 2017 Docket Order.) The order stated, in bold text, that "**[i]f proof of service is not filed with the Court by 8/1/2017, or if Plaintiff fails to show good cause why such service was not effected by 6/19/2017, the Court shall dismiss this action without prejudice.**" (*Id.* (emphasis in original).) Plaintiff's counsel was served with the July 11, 2017 order to show cause via ECF.

Plaintiff failed to comply with Judge Bloom's July 11, 2017 order, and on August 23, 2017, Judge Bloom issued a *sua sponte* Report and Recommendation ("R&R" or the "Report and Recommendation," ECF No. 6), recommending that this court dismiss the instant action pursuant to Rule 41(b). (R&R at 1, 3.) Plaintiff's counsel was served with the report and recommendation via ECF. Under 28 U.S.C. § 636(b)(1) and Rule 72(b), the deadline to file an objection to the Report and Recommendation was September 6, 2017. Plaintiff did not object to the Report and Recommendation, and on October 3, 2017, the

2

court adopted Judge Bloom's Report and Recommendation and dismissed the complaint "without prejudice." (*See* October 3, 2017 Docket Order Adopting R&R.)[1] The Clerk of Court entered judgment dismissing this action without prejudice on October 5, 2017. (*See* Judgment, ECF No. 7.) Plaintiff's counsel received copies of the foregoing order adopting the Report and Recommendation and entry of judgment via ECF.

On February 19, 2018, nearly six months after Judge Bloom issued her Report and Recommendation and over four months after this action was dismissed, plaintiff filed the instant motion. (*See* Notice of Motion, ECF No. 9; *see also generally* Mem.) Through the motion, plaintiff seeks vacatur of the dismissal of this action and the action's "restor[ation] to the calendar." (Mem. at 1-2.) For the reasons set forth below, plaintiff's motion is denied.

## Legal Standard

**A. Rules 41(b) and 4(m)**

The Report and Recommendation, which the court adopted, recommended dismissal of the instant action under Rule 41(b). Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

---

[1] Although the court's order dismissing the instant action stated that the court adopted Judge Bloom's Report and Recommendation "in its entirety" (*see* October 3, 2017 Docket Order), the court actually modified the Report and Recommendation in one minor respect, specifically by adding that the dismissal was "without prejudice."

3

> may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

"Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Further, although Rule 41(b) "explicitly sanction[s]" the court's authority to dismiss an action for failure to prosecute, the power to so dismiss an action "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link*, 370 U.S. at 630-31). Accordingly, dismissal under Rule 41(b) for failure to prosecute is committed to the court's sound discretion. *See id.*

Additionally, although the court dismissed the instant action under Rule 41(b), Rule 4(m), which governs the time limit for service, is also relevant to plaintiff's motion. Rule 4(m)

4

obligates the court to take one of two actions where a plaintiff fails to serve a defendant within 90 days of the filing of the complaint: the court must either "dismiss the action without prejudice against th[e] defendant [that has not been served] or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**B. Rule 60(b)**

Rule 60(b) authorizes the court to grant "a party or its legal representative" relief from a final judgment

> for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) "is addressed to the sound discretion of the district court." *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986) (citations omitted).

## Discussion

**A. Merits of the Dismissal**

Plaintiff asserts that the dismissal of his complaint was "rushed and unwarranted, under the circumstances of missing the deadline to serve by a few months." (Mem. at 4.) Although

5

an argument in this vein might have been appropriate in a timely objection to the Report and Recommendation, plaintiff's argument is misplaced in the context of a Rule 60(b) motion, which is not a substitute for an appeal or a vehicle for arguing the merits of the underlying judgment. *See Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984) ("[A party] may not use proceedings seeking relief from or modification of a judgment under [Rule] 60 simply to relitigate matters settled by the original judgment."); *see also Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002) ("An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment" (quoting *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991))).[2]

Further, even if the merits of the dismissal of plaintiff's action were properly before the court at this stage, plaintiff would not prevail. In recognition of the severe nature of a dismissal under Rule 41(b), the Second Circuit has

---

[2] Additionally, it appears to the court that plaintiff is barred from litigating the merits of the dismissal of the instant action because "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) (citing *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 588 F.2d 24, 29-30 (2d Cir. 1978)). The only limitation applicable to this rule arises where "the magistrate's decision is rejected or substantially modified," in which case "the parties may object to all or part of that judgment and hence preserve specific issues for appeal." *Id.* at 237 n.2. Here, even if the minor modification of the Report and Recommendation is a "substantial" modification, it inured to plaintiff's benefit, as discussed below. Moreover, plaintiff did not timely object to or appeal the court's order adopting the Report and Recommendation.

6

set forth five factors that guide a trial court's discretion in dismissing an action under Rule 41(b). *See Lewis* 564 F.3d at 575-76.

Specifically, the court should consider (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration," (2) whether the "plaintiff was given notice that further delay would result in dismissal," (3) whether further delay would likely prejudice the defendant, (4) the balance between "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," and (5) the "efficacy of lesser sanctions." *Id.* at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *accord LeSane*, 239 F.3d at 209 (citations omitted). The court should consider the foregoing factors in light of the record of the entire case as a whole, and no one factor is dispositive. *Lewis*, 564 F.3d at 576 (citations omitted).

Plaintiff asserts that all five of these factors weigh against dismissal. (Mem. at 2-4.) Plaintiff is incorrect. As to the first factor, plaintiff contends that "the delay was minimal," and "delay alone is not sufficient to warrant dismissal." (Mem. at 3.) A delay of three months is one of "significant duration" when the nature of the delay completely prevents an action from moving forward, and where the dilatory

party becomes completely inaccessible. *See Frazier v. NRA Grp., LLC*, No. 16-CV-2942(LDH)(RLM), 2017 WL 2547236, at *2 (E.D.N.Y. June 13, 2017) ("Courts have found dismissal appropriate for delays shorter than several months when a party has become completely inaccessible, as inaccessibility strongly suggests that Plaintiff is not diligently pursuing her claim." (quoting *Garcia v. City of N.Y.*, No. 14-CV-4160, 2016 WL 275621, at *3 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks omitted))); *Kent v. Scamardella*, No. 07-CV-844(SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) ("Although three months is not necessarily a delay of 'significant duration,' the delay here has functioned as a complete block to moving this litigation forward . . . . This weighs strongly in favor of dismissal." (citation omitted)). Here, despite the court's July 11, 2017 order, plaintiff has not filed any proof of service of the summons and complaint on defendants, thereby preventing the action from moving forward, and was completely inaccessible to the court from at least July 11, 2017 onward. Accordingly, the first factor weighs heavily in favor of dismissal.

Plaintiff asserts that the second factor, whether plaintiff was notified that further delay would result in dismissal, "weighs heavily *against* the [d]ismissal" of this action. (Mem. at 3 (emphasis added).) The court clearly and unambiguously notified plaintiff twice over a period of months

8

that further delay would result in dismissal. The first notification was Judge Bloom's July 11, 2017 order, and the second notification came over a month later, through Judge Bloom's August 23, 2017 Report and Recommendation. Despite plaintiff's failure to respond to or comply with either notification, as noted above, the court did not dismiss the instant action until October 3, 2017, nearly one month after the September 6, 2017 deadline to object to Judge Bloom's Report and Recommendation. Therefore, the second factor weighs in favor of dismissal, contrary to plaintiff's contention.[3]

The third factor, prejudice to defendant, also weighs in favor of dismissal. "[P]rejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. V. Loews Corp.*, 682 F.2d 37, 43

---

[3] The authorities plaintiff cites in arguing that the second factor weighs against dismissal are wholly inapposite. Plaintiff cites *Drake* for the proposition that 20 days' notice that further delay will result in a dismissal is insufficient. (Mem. at 3.) *Drake*, however, does not stand for that proposition. Instead, in *Drake*, the Second Circuit concluded that the second factor weighed against dismissal where "[t]he only actual notice" the plaintiff/relator had received "was the court clerk's warning that the case would be dismissed unless [the plaintiff/relator] submitted a satisfactory explanation for his delay within 20 days." 375 F.3d at 255. More importantly, in *Drake*, the plaintiff/relator "responded by submitting not only an explanation, but the final amended complaint within that time." *Id*. In other words, the plaintiff/relator in *Drake* complied with the court's order, unlike plaintiff here, who ignored multiple warnings. Plaintiff's citation to *Martens v. Thomann* is similarly inapposite because the court there "did not give the individual plaintiffs express notice that further delays would result in dismissal." 273 F.3d 159, 181 (2d Cir. 2001). As discussed above, plaintiff here had ample express notice. *Coats v. Department of Veteran Affairs* is also readily distinguishable because there, the district court did not give a *pro se* plaintiff clear notice that failure to amend his complaint would result in a dismissal with prejudice. 268 F. App'x 125, 127. Plaintiff here is represented, and in any event, the notice plaintiff was given was clear and unambiguous.

9

(2d Cir. 1982)). Plaintiff notes that defendant was not served, and asserts that consequently, defendant could not have been prejudiced. (Mem. at 3.) This argument, however, overlooks the presumption of prejudice under Second Circuit law. Because prejudice is properly presumed where a plaintiff unreasonably delays, even absent affirmative indications of actual prejudice, the third factor "does lean in the direction of dismissal, [although] it does so only slightly." *LeSane*, 239 F.3d at 210. Further, although the presumption is rebuttable, *Drake*, 375 F.3d at 257 (citation omitted), plaintiff did not object to the Report and Recommendation, or otherwise attempt to rebut it. The third factor therefore weighs in favor of dismissal.

Regarding the fourth factor, plaintiff asserts that the Second Circuit requires compelling evidence of an extreme effect on court congestion. (Mem. at 4.) Here, the relevant evidence is that plaintiff commenced the instant action on March 20, 2017, was issued a summons on March 22, 2017, required the court to monitor compliance and to issue multiple court orders, and still did nothing to serve process or prosecute the action prior to dismissal on October 3, 2017 – a period of nearly 200 days. Allowing plaintiffs to "prosecute" actions in this manner has effectively contributed to court congestion and repeated orders. Thus, the fourth factor weighs in favor of dismissal.

As to the fifth factor, plaintiff asserts that the court did not consider lesser sanctions. (Mem. at 4.) Plaintiff does not affirmatively suggest that a lesser sanction would have spurred him to act, and such a suggestion would appear meritless given that nearly four months passed between the dismissal of this action, and the filing of plaintiff's instant motion to vacate the judgment. Moreover, plaintiff's assertion that the court did not consider a lesser sanction is mistaken. The Report and Recommendation recommended outright dismissal under Rule 41(b). (R&R at 2-3.) Subject to exceptions not applicable here, an outright dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the dismissal order expressly states otherwise. Fed. R. Civ. P. 41(b). Here, the court opted to specify that dismissal of plaintiff's complaint was "without prejudice," (October 3, 2017 Docket Order), and therefore affirmatively opted for a lesser sanction than outright dismissal.[4]

Finally, the court notes that although it dismissed plaintiff's complaint without prejudice under Rule 41(b), dismissal without prejudice under Rule 4(m) would unquestionably have been proper. Rule 4(m) expressly authorizes dismissal of

---

[4] Plaintiff submits that even a dismissal without prejudice would bar relief because plaintiff is now "outside of the time period to file" his Title VII complaint. (Mem. at 4.) To the extent this is accurate, this result has come about entirely because of inaction on the part of plaintiff and his representatives.

11

an action without prejudice for failure to serve a summons and complaint "within 90 days after the complaint is filed," unless plaintiff shows good cause for an extension of time. It is undisputed that plaintiff did not serve defendant with the summons and complaint, did not seek an extension of time to serve process, nor show good cause for his failure to serve. Therefore, dismissal without prejudice under Rule 4(m) would have been proper as early as June 20, 2017,[5] and was certainly proper as of the actual date of dismissal, October 3, 2017, which was over one hundred days after plaintiff's service deadline under Rule 4(m). Plaintiff's characterization of the dismissal of his complaint under these circumstances as "rushed and unwarranted" (Mem. at 4), strains credulity.

**B. Relief Under Rule 60(b)(1)**

Plaintiff seeks vacatur of the dismissal of this action under Rule 60(b)(1), and asserts that the court should find "excusable neglect." (Mem. at 5.) Plaintiff notes that the attorney responsible for his representation "suddenly left" the law firm that represents plaintiff in the instant action, "and the instant action got lost in the reshuffle." (Mem. at 1.) Therefore, plaintiff contends,

---

[5] The date ninety days after the date on which plaintiff filed his complaint was June 18, 2017. Because June 18, 2017 was a Sunday, however, plaintiff's deadline to serve the summons and complaint was automatically extended to Monday, June 19, 2017 by operation of Rule 6(a)(1)(C).

> [t]he reason for the delay is excusable. A
> turnover [of personnel] at [plaintiff's
> counsel's] [f]irm was not expected, and while
> [counsel's firm] prides [it]sel[f] on diligent
> and professional conduct, unfortunately mistakes
> do happen, and cases fall by the wayside.
> Accordingly, the Plaintiff, who timely filed the
> Complaint, should not pay for the inadvertent and
> honest mistake of [plaintiff's counsel's] [f]irm.

(Mem. at 5.)[6]

Plaintiff is correct that, for purposes of Rule 60(b), excusable neglect "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). All that this means, however, is that "although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed." *Id.* (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1998)). Additionally, in *Canfield*, the Second Circuit expressly stated its view that the principle that "excusable neglect" encompasses negligence does not "alter[] the principle that failure to

---

[6] Regarding the issue of attorney turnover, the court notes that the docket presently indicates that the attorney who filed the instant motion on plaintiff's behalf is associated with a law firm other than the firm representing plaintiff. Additionally, a review of the docket indicates that the attorney who initially filed the complaint on plaintiff's behalf has not moved to withdraw as counsel in the instant action, despite plaintiff's contention that she left the firm.

follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Id.*

Here, the presence of "neglect" is clear: plaintiff failed to prosecute the instant action in any way and ignored Judge Bloom's July 11, 2017 Order to Show Cause, as well as her August 23, 2017 Report and Recommendation. The only "excuse" plaintiff offers, however, is that "unfortunately mistakes do happen, and cases fall by the wayside." (Mem. at 4.) This is insufficient, as it could apply with equal force to any situation in which a party seeks to avoid the consequences of ignoring unambiguous, express court orders or rules. *See Canfield*, 127 F.3d at 250 ("[T]he 'excusable' portion of 'excusable neglect' must provide the limitations necessary to prevent abuse by the parties.").

Additionally, although plaintiff argues that he "should not pay" for his counsel's mistakes (Mem. at 5), courts in this circuit have consistently "declined to relieve a client under [Rule 60(b)(1)] of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" *Nemaizer*, 793 F.2d at 62 (quoting *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976)); *see also Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) *(*"[C]ourts

are generally reluctant to recognize attorney error as a basis for relief from an order or judgment." (citation omitted)). "This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Nemaizer*, 793 F.2d at 62 (citing *Link*, 370 U.S. at 633-34).

Absent a compelling "excuse" for plaintiff's neglect, the court sees no reason to deviate from the general principle that failure to abide by the express terms of a rule or order "will . . . not constitute excusable neglect." *Canfield*, 127 F.3d at 250. Additionally, the court has considered plaintiff's arguments regarding prejudice, the length of the delay, and plaintiff's good faith (Mem. at 4-5), and concludes that these arguments are unavailing because of the lack of a compelling excuse for plaintiff's neglect. Accordingly, plaintiff's motion for relief under Rule 60(b)(1) is denied.

## C.  Relief Under Rule 60(b)(6)

Plaintiff requests, in the alternative, that the court vacate the dismissal of his complaint under Rule 60(b)(6). Clause (6) of Rule 60(b) allows the court to grant a party relief from a judgment for "any . . . reason that justifies relief" other than the reasons set forth in clauses (1) through (5) of Rule 60(b). Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and

undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer*, 793 F.2d at 63 (citations omitted).

Following from the foregoing, "[w]here, as here, an attorney's incompetence or neglect is the asserted basis for relief, the motion more properly arises under Rule 60(b)(1)." *Hill v. World Class Auto. Corp.*, No. 06-CV-2496(SLT)(RLM), 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) (*citing Stefanopoulos v. City of New York*, No. 01-CV-0771(SJ)(VVP), 2007 WL 160819, at *3 (E.D.N.Y. Jan. 17, 2007)); *see also Nemaizer*, 793 F.2d at 63 (declining to "accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6)" (emphasis in quoted material)). Further, the Second Circuit has concluded that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," and therefore "any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Cirami*, 535 F.2d at 740). Therefore, where a Rule 60(b) motion is "premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* (citation omitted).

Plaintiff here does not set forth any basis for relief other than those the court discussed in rejecting plaintiff's

motion for relief under Rule 60(b)(1). Accordingly, plaintiff's motion for relief under Rule 60(b)(6) is also denied.[7]

The court recognizes that the instant action may be of "monumental" importance to plaintiff. (Mem. at 6.) The Second Circuit, however, has rejected the proposition that dismissal of a claim because of "counsel's unexcused conduct imposes an unjust penalty on the client." *Cirami*, 535 F.2d at 740. "P[laintiff] voluntarily chose []his attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* (internal quotation marks omitted).

## **Conclusion**

For the reasons set forth above, dismissal of plaintiff's action was proper, and plaintiff has not shown that affording him relief under Rule 60(b) would be an appropriate

---

[7] Some out-of-circuit authority suggests that Rule 60(b)(6) may be available where an attorney is *grossly* negligent and the client is diligent in seeking to prosecute his case. *See Cirami*, 535 F.2d at 741 (noting that the District of Columbia Circuit has "found that Rule 60(b)(6) was broad enough to permit relief when 'personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client'" (quoting *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964))). Here, however, plaintiff's memorandum of law concedes that plaintiff was not diligent. (*See* Mem. at 1 ("Plaintiff, assuming the case was pending, did not reach out for a status."))

17

exercise of the court's discretion.  Accordingly, plaintiff's motion to vacate the order of dismissal and judgment is DENIED.  Plaintiff's counsel is directed to serve a copy of this order on plaintiff personally and to file proof of service on the docket on or before April 18, 2018.

**SO ORDERED.**

Dated:	April 13, 2018
	Brooklyn, New York

>	_____/s/_____
>	Hon. Kiyo A. Matsumoto
>	United States District Judge